Don LATIMER and wife, Rita Latimer, Appellants,

v.

The CITY NATIONAL BANK OF COLORADO CITY, Texas, Appellee.

No. 11–85–347–CV.

Court of Appeals of Texas, Eastland.

Aug. 14, 1986.

Charles Dick Harris, Harris & McBeath, P.C., Abilene, for appellants.

R.L. Pete McKinney, Thompson, Rees & McKinney, Colorado City, for appellee.

DICKENSON, Justice.

This summary judgment case involves four promissory notes which were signed by Don Latimer, but which were not signed by his wife, Rita Latimer. The payee of the notes, The City National Bank of Colorado City, Texas, contends that the summary judgment proof conclusively establishes that the notes are community obligations and that both spouses are jointly liable. The trial court granted summary judgment to the payee against both spouses in the total sum of $105,831.76 for the unpaid principal, interest, and attorney's fees.[1] The maker and his wife appeal. We affirm in part, and we reverse and render in part.

■ Appellants present three points of error. First, they argue that the trial court erred in granting summary judgment because there were genuine fact issues concerning the commercial reasonableness of the sale of the collateral securing the promissory notes. This point is overruled. The maker's deposition admits enough facts to conclusively establish that the sale was made in a commercially reasonable manner. TEX.BUS. & COM.CODE ANN. sec. 9.507(b) (Vernon Supp.1986) specifically states:

> The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner....

Appellants' only complaint as to the sale relates to the timing of the sale. That is not sufficient. Moreover, appellants' summary judgment proof asserting mere conclusions is not sufficient to raise a fact issue and does not preclude the summary judgment. See, e.g., *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557 at 562 (1962).

■ Next, appellants argue that the trial court erred in granting summary judgment against Rita Latimer (Point of Error No. 2) and in refusing to grant her motion for summary judgment (Point of Error No. 3). These points are sustained insofar as the judgment imposes personal liability on Rita Latimer. TEX.BUS. & COM.CODE ANN. sec. 3.401(a) (Vernon 1968) states:

> No person is liable on an instrument unless his [or her] signature appears thereon.

Since Rita Latimer's signature does not appear on any of the notes involved in this lawsuit, the trial court erred in granting summary judgment against her for joint and several liability on the notes. See also TEX.FAM.CODE ANN. sec. 5.61 (Vernon 1974).

---

1. The trial court severed the bank's claim against the maker, his spouse, and his parents concerning the conveyance of a tract of land from the maker and his spouse to the maker's parents. The conveyance was made shortly before the due date on a deed of trust note owed to the Federal Land Bank.

Point of Error Nos. 2 and 3 are overruled insofar as the judgment relates to the community property owned by the maker and his wife. *Cockerham v. Cockerham,* 527 S.W.2d 162 at 171 (Tex.1975). See McKnight, *Annual Survey of Texas Family Law,* 37 Sw.L.J. 65 at 77 (1983):

> The phrase "community debt" has long been useful in characterizing borrowed money or property that a spouse buys on credit. If the lender or seller does not specifically look to the borrower's or buyer's separate property for payment, it is clear that a community debt has been incurred, and thus that the money borrowed or property bought is community property. But to take the phrase out of this context, as well as *to say that the designation of such a debt as "community" makes both spouses liable for it (when only one of them has contracted it), is clearly contrary to the express terms of section 5.61.* [Tex.Fam.Code Ann.] Under Texas law as amended and recodified in 1969, a *community debt means nothing more than that some community property is liable for its satisfaction.* A community debt may at the same time be a separate debt, unless the creditor agrees to seek satisfaction from community property only. Hence when the creditor has not agreed to limit recovery from one marital estate or the other, he may proceed against either for satisfaction. Confining the term community debt to its traditional characterization context would remove a great source of confusion and discourage the tendency of some courts to find separate debts where a section 5.61 community debt was clearly intended by the parties concerned. (Emphasis added)

*Anderson v. Royce,* 624 S.W.2d 621 at 623 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), holds that the spouse who had not signed the note could be held liable "to the extent of the community property received upon partition of the community estate after her divorce."

*Inwood National Bank of Dallas v. Hoppe,* 596 S.W.2d 183 at 185 (Tex.Civ. App.—Texarkana 1980, writ ref'd n.r.e.), notes that a creditor "had the right to resort to the entire non-exempt community property" and then holds that the wife who did not sign the note was liable for that community debt "to the extent of the community property set aside to her by the divorce decree."

The judgment of the trial court is affirmed insofar as it awards a recovery from Don Latimer. The judgment of the trial court is reversed insofar as it awards a recovery against Rita Latimer, jointly and severally, for the total sum of $105,831.76, and this Court renders judgment that The City National Bank of Colorado City, Texas, take nothing from Rita Latimer except for her part of any non-exempt community property assets owned by her and her husband, Don Latimer.

McCLOUD, C.J., not participating.