Oddie O. JONES and wife, Naomi Jones, Appellants,

v.

FIRST NATIONAL BANK OF ANSON, Appellee.

No. 11-91-147-CV.

Court of Appeals of Texas, Eastland.

Dec. 31, 1992.

Rehearing Denied Dec. 31, 1992.

James D. Norvell, Tom McIlhany, Norvell & Associates, Abilene, for appellants.

Gary M. Brown, Abilene, for appellee.

## OPINION

McCLOUD, Chief Justice.

This case involves the compulsory counterclaim rule, res judicata, and privity.

Plaintiffs, Oddie O. Jones and wife, Naomi Jones, sued the First National Bank of Anson. The trial court granted the bank's motion for summary judgment. Plaintiffs appeal. We affirm.

On April 9, 1986, Oddie O. Jones executed a promissory note payable to the First National Bank of Anson in the principal sum of $28,595.62 due on April 9, 1987. The note was not paid on the due date. On November 30, 1987, Naomi Jones delivered to the bank a $19,000.00 check from the Farmers Home Administration made payable to Oddie O. Jones and Naomi Jones.

A bank teller deposited the check into the "Oddie or Naomi Jones" regular joint checking account. The teller made the following notation on the deposit slip: "FMHA Loan Not Income." The words "Not Income" were underlined by the bank teller. On December 1, 1987, the bank offset from the account of Oddie O. Jones and Naomi Jones the sum of $19,363.65, leaving a "0" balance. On that date, the bank wrote Oddie O. Jones informing him that it had exercised its right pursuant to the provisions of the April 9, 1986, note to offset from Jones' account the sum of $19,-363.65. In the letter, the bank informed Jones that after the offset Jones owed a balance of $14,872.32 on the note and that unless the balance was paid by December 15, 1987, the bank would seek legal action to collect the unpaid balance.

On October 26, 1988, the bank sued "Oddie Jones" for the unpaid balance owed on the April 9, 1986, note. The bank also sought foreclosure of its security agreement covering certain farm related personal property. Naomi Jones, who had not signed the note, was not named as a defendant in the suit. On January 3, 1989, the 259th District Court entered a default judgment and an order for writ of possession against "Oddie Jones."

In the instant case, plaintiffs alleged numerous causes of action against the bank resulting from the bank's $19,363.65 offset against plaintiffs checking account. Plaintiffs alleged that, because of the difficulties with their farming operation, the bank had often renewed and extended their farm loans. They contended that a bank officer had told Oddie O. Jones back in the "1970's" when the bank was attempting to get Jones' banking business that the bank would "stick" with Mr. Jones "through thick and thin." Plaintiffs urged that Oddie O. Jones had only a fourth grade education and was unable to read and write. They alleged that the bank was aware of this fact and did not advise Jones of the bank's purported right of offset prior to the time the bank exercised such purported right. Plaintiffs urged that the $19,000.00 deposit was a "special deposit." Plaintiffs

alleged violations of the Texas Deceptive Trade Practices–Consumer Protection Act, TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon 1987 & Supp.1993); negligent misrepresentation; conversion; breach of fiduciary duty; breach of duty of good faith and fair dealing; estoppel; and waiver. The bank urged, among other defenses, the compulsory counterclaim rule and res judicata in its motion for summary judgment.

■ The significant issue is the effect of the default judgment rendered against Oddie O. Jones in favor of the bank. TEX. R.CIV.P. 97(a) provides in part:

A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

We agree with the well reasoned opinion in *Jack H. Brown & Company v. Northwest Sign Company,* 718 S.W.2d 397 (Tex. App.—Dallas 1986, writ ref'd n.r.e.), where the Dallas Court applied the "logical relationship" test to determine if a claim arises out of the "transaction or occurrence" that is the subject matter of the opposing party's claim.

When the bank sued Oddie O. Jones on October 26, 1988, the issue was the balance owed on the April 9, 1986, note signed by Oddie O. Jones. The bank had previously notified Oddie O. Jones that it had exercised its right to the $19,363.65 offset. The bank's petition clearly stated the amount of principal and interest owed on the note.

■ The primary issue in the instant case is whether the bank properly offset the $19,363.65. There is a logical relationship between the suit filed by the bank (which involved the offset) and the instant suit filed by plaintiffs (which also involves the offset). We hold that the claim being asserted in the instant case by Oddie O. Jones arose out of the transaction or occur-

rence that was the subject of the bank's claim for the unpaid balance on the note. See *Bailey v. Travis,* 622 S.W.2d 143 (Tex. Civ.App.—Eastland 1981, writ ref'd n.r.e.). The compulsory counterclaim rule applies to default judgment cases. *Jack H. Brown & Company v. Northwest Sign Company,* supra.

■ Plaintiffs argue that, since she was not sued by the bank for the unpaid balance on the note, Naomi Jones' rights could not be affected by the default judgment. We disagree. Our Supreme Court in *Getty Oil Company and Texaco Inc. v. Insurance Company of North America,* 845 S.W.2d 794 (Tex.1992), recently stated:

Under Texas law, a former judgment bars a second suit against all who were in "privity" with the parties to the first suit. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971). There is no general definition of privity that can be automatically applied in all res judicata cases; the circumstances of each case must be examined. See *Dairyland County Mutual Ins. Co. of Texas v. Childress,* 650 S.W.2d 770, 773–74 (Tex. 1983); *Benson,* 468 S.W.2d at 363.

The April 9, 1986, note was a "community liability" even though Naomi Jones was not personally liable for the note signed only by Oddie O. Jones. *Latimer v. City National Bank of Colorado City,* 715 S.W.2d 825 (Tex.App.—Eastland 1986, no writ). The community property owned by Oddie O. Jones and Naomi Jones was liable to satisfy the bank's default judgment. See *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975). The record reflects that the proceeds received from the bank were used in plaintiffs' farming operations. The court in *Benson v. Wanda Petroleum Company,* 468 S.W.2d 361 (Tex.1971), stated:

[P]rivity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right.

**110**

We hold that Naomi Jones was in privity with her husband, Oddie O. Jones, and that the default judgment rendered against Oddie O. Jones, wherein he failed to file a compulsory counterclaim, is binding on Naomi Jones by the doctrine of res judicata.

■ Both plaintiffs and the bank discuss in their briefs TEX.FAM.CODE ANN. §§ 5.22 and 5.24 (Vernon 1975). Plaintiffs cite *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974), and argue that the doctrine of "virtual representation" was abolished by Section 5.22. Therefore, they contend that, since she was not named as a party when the bank sued Oddie O. Jones, Naomi Jones could not be bound by res judicata. The bank argues that, since the note was signed only by Oddie O. Jones, the bank could presume under Section 5.24 that the "indebtedness" was subject to the sole management, control, and disposition of Oddie O. Jones. Therefore, the bank contends that the doctrine of "virtual representation" was not abolished in this type of situation. See *Audish v. Clajon Gas Company*, 731 S.W.2d 665 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

We hold that Sections 5.22 and 5.24 are not controlling. Both of these sections refer to "property". Here, we are concerned with "liability." See TEX.FAM.CODE ANN. § 5.61 (Vernon 1975 & Supp.1993). The promissory note was a community liability, not a community asset. The court in *Carlton v. Estate of Estes*, 664 S.W.2d 322 (Tex.1983), pointed out that the doctrine of virtual representation, which was abolished in *Cooper v. Texas Gulf Industries, Inc.*, supra, applied "only where one spouse has attempted to represent the interest of both spouses in a suit directly concerning the community property."

The claims of Oddie O. Jones are barred because of his failure to present his present claims as a counterclaim when he was sued on the promissory note by the bank. The claims of Naomi Jones are barred by the doctrine of res judicata because she was in privity with her husband.

The judgment of the trial court is affirmed.