11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Tae Wan Kim, Hwan Hurh,
Haeyoung Hwang, and Dong Geun Chung

Appellants

Vs.                   No.
11-00-00305-CV B Appeal from Dallas County

Lee Soon Jeon and Hyun
Sook Park

Appellees

 

                                                             Memorandum
Opinion

The
original lawsuit was filed by  Tae Wan
Kim, Hwan Hurh, Haeyoung Hwang and Dong Geun Chung (creditors) against Sang
Deok Jeon (husband) and Lee Soon Jeon (wife) for money that the creditors had
loaned to the husband.  Part of the
money was used to purchase commercial real estate in Dallas County.  The four creditors entered into a judgment
by consent with the husband and then filed a nonsuit without prejudice as to
the wife.  Subsequently, the husband and
wife were divorced, and the divorce decree gave the wife title to the property
which had been purchased by the husband with some of the money he borrowed from
the creditors.  The wife then conveyed
the property to her sister, Hyun Sook Park.

After a
lengthy nonjury trial, the court rendered judgment that the creditors had valid
liens as to three tracts of property for part, but not all, of the money which
they had loaned to the husband.  The
court also refused their request for an order of judicial foreclosure.  The creditors appeal, arguing: (1)  that they were entitled to liens for all of
the money which they loaned and (2) that the court should have authorized
judicial foreclosure of their liens.  We
affirm the judgment of the trial court.

                                                                  Findings
of Fact








The trial
court made AFindings of Fact@ pursuant to TEX.R.CIV.P. 296, and these
findings form the basis of the judgment about which the creditors
complain.  These findings include the
following facts.  The creditors obtained
a money judgment for $270,000 against the husband before his divorce.  That judgment established purchase money
liens on three tracts of land ($30,000 on 2771 Royal Lane, $40,000 on 2802
Royal Lane, and $10,000 on 2809 Royal Lane), and the street addresses coupled with
the other information given is sufficient to identify the properties.  The money which the husband had borrowed
from the creditors was a community debt. 
When the three tracts of land were awarded to the wife in the judgment
of divorce, they were subject to the three purchase money debts of the
community estate.  The conveyances from
the wife to the wife=s
sister were not sham conveyances, and the properties are not subject to
judgment liens for the creditors=  $270,000 judgment against the
husband.  The deed of trust to National
Express Corporation is valid, and the wife is the present owner/holder of the
NEC lien note.  Title to the properties
has been transferred to a person who is not a party to the lawsuit, and
judicial foreclosure should not be ordered at this time.  The creditors are entitled to attorney=s fees in the sum of $25,000 against the
wife.

                                                          Judgment
of the Trial Court

The trial
court entered judgment that 2771 Royal Lane was subject to a first lien for
$30,000 owed to the creditors, that 2802 Royal Lane was subject to a first lien
for $40,000 owed to the creditors, and that 2809 Royal Lane was subject to a
first lien for $10,000 owed to the creditors.[1]  The trial court=s judgment then provided that all three
tracts of land were subject to the NEC lien which is owned by the wife.  Finally, the judgment provided that the
creditors were entitled to recover attorney=s fees of $25,000 from the wife.[2]

                                                         Issues
for Appellate Review








Appellants
present six issues for appellate review pursuant to TEX.R.APP.P. 38.1(e).  First, they argue that the trial court
improperly found that their judgment lien for $270,000 did not attach to the
properties.  Next, they argue that the
trial court improperly found that the purchase money lien against 2771 Royal
Lane was only $30,000 rather than $190,000. 
Then, they argue that the trial court improperly applied the NEC lien to
the properties.  In Issue Nos. 4 and 5,
they argue that the trial court improperly failed to order foreclosure of the
properties and improperly failed to sanction the wife and her sister for
discovery abuse.  In Issue No. 6, they
argue that the trial court=s award of attorney=s fees was against the overwhelming weight of the evidence and that
$90,000 should be awarded for their attorney=s fees.

                                                          Rules
of Appellate Review

Appellants= challenge to the trial court=s findings on disputed facts will be reviewed
under the tests stated in Ray v. Farmers= State Bank of Hart, 576 S.W.2d 607, 609 (Tex.1979):

In determining whether there was any evidence
of probative force to sustain the trial judge=s finding [of each fact], the court of civil appeals was required to
consider only that evidence favorable to the finding and the judgment rendered
thereon and to disregard all evidence to the contrary.  The judgment of a trial court will not be
set aside if there is any evidence of a probative nature to support it, and a
court of civil appeals cannot substitute its findings of fact for those of the
trial court if there is any evidence in the record to sustain the trial court=s findings.

 

Of course, the findings
can be set aside pursuant to In re King=s Estate, 244 S.W.2d 660, 661 (Tex.1951), if they are Aso against the great weight and preponderance
of the evidence as to be manifestly unjust.@

                                                                Evidentiary
Rulings

We find
that the evidence in the record before us is both Alegally@ sufficient and Afactually@
sufficient to support the trial court=s findings of fact on each of the disputed facts.   Issue No. 1 is overruled because the
judgment lien did not attach to the property which was awarded to the wife in
the divorce and then conveyed to the wife=s sister.  The evidence does not
compel a finding of either collateral estoppel or sham conveyance.  Issue No. 2 is overruled because the
evidence supports the trial court=s finding that part of the 
$190,000 loaned by the creditors to the husband was used by him for
purposes other than purchasing the commercial property.  Jones v. First National Bank of Anson,
supra; Latimer v. City National Bank of Colorado City, supra.

Issue No.
3 is overruled as moot because the NEC lien was inferior to the three liens
found in favor of appellants.  Issue No.
4 is overruled because appellants have not shown an abuse of discretion in
refusing to order judicial foreclosure when the owner of the property is not
before the court.    

                                                                 Discovery
Abuse








Appellants
also argue that the trial court Aimproperly failed to sanction@ the wife and her sister for discovery abuse.  As this court recently noted in Cone v. Fagadau Energy
Corporation, No. 11-00-00003-CV, slip op. at 11, 2001 WL 1663246, at * 14
(Tex.App. - Eastland, Dec. 20, 2001, no pet=n h.), the imposition of sanctions is Awithin the discretion of the trial court,@ and an appellate court will set aside such a decision Aonly on a showing of a clear abuse of
discretion.@ 
Issue No. 5 is overruled.  Among
the cases cited by appellants on this issue for appellate review are Chrysler
Corporation v. Blackmon, 841 S.W.2d 844 (Tex.1992), and Smithson v. Cessna
Aircraft Company, 665 S.W.2d 439 (Tex.1984). 
Chrysler Corporation v. Blackmon, supra at 849, notes that Athe sanction imposed must not be excessive.@ 
Smithson v. Cessna Aircraft Company, supra at 442, notes:

[T]he imposition of an appropriate sanction
for failure to supplement interrogatories...is within the broad discretion of
the trial court.  The standard for
reviewing the trial court=s action is whether this discretion was clearly abused.  An appellate court should not substitute its
judgment for that of the trial court. 
Similarly, a trial court=s refusal to impose a particular sanction can be set aside only upon a
showing of a clear abuse of discretion. 
(Citations omitted)

 

                                                                  Attorney=s Fees

Appellants
argue in their last issue for appellate review that the trial court=s award of attorney=s fees Awas against the overwhelming weight of the evidence.@ 
Appellants acknowledge in their argument that the trial court=s award of attorney=s fees was Ain proportion to the relief it granted@ since it did not acknowledge their judgment lien. Appellants have not
shown that the amount awarded for their attorney=s fees is Amanifestly
unjust.@  In
re King= Estate, supra.  Issue No. 6 is overruled.

                                                             This
Court=s Judgment

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

February 21, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[3]











[1]The trial court correctly ruled that the wife=s community interest in the real estate was subject to
the community debt which was owed on each piece of property.  See and compare Jones v. First National Bank
of Anson, 846 S.W.2d 107 (Tex.App. - Eastland 1992, no writ); Latimer v. City
National Bank of Colorado City, 715 S.W.2d 825 (Tex.App. - Eastland 1986, no
writ).





[2]The judgment of the trial court also ordered that
Andrew Kim and Ki Pong Na recover judgment against Myong-Chol Kim in the amount
of $24,000 plus interest.  None of them
are parties to this appeal.





[3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.