11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Robert B. Smith
            Appellant
Vs.                  No. 11-03-00314-CV -- Appeal from Brown County
Deere & Company
            Appellee
 
            This is an appeal from a summary judgment granted in favor of Deere & Company in a suit
to collect on a loan contract. Because we find that summary judgment was proper, we affirm. 
            On February 6, 2000, Robert B. Smith entered into a loan contract with Deere for the
purchase of a corn combine. Smith defaulted on the loan, and Deere repossessed the combine. The
combine was placed on a “Bid List” that was distributed to over 3,000 dealers and other interested
persons. The combine was sold for $80,000.00, and Deere filed suit against Smith to collect
$29,608.97, the remaining balance due on the loan. 
            In his sole issue on appeal, Smith argues that the trial court erred in granting Deere’s motion
for summary judgment. Smith contends that a fact issue exists as to whether the combine was sold
in a commercially reasonable manner. When reviewing a traditional motion for summary judgment,
the following standards apply: (1) the movant for summary judgment has the burden of showing that
there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2)
in deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the non-movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; 
Goswami v. Metropolitan Savings and Loan Association, 751 S.W.2d 487, 491 (Tex.1988); Nixon
v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex.1985); City of Houston
v. Clear Creek Basin Authority, 589 S.W.2d 671, 676 (Tex.1979).
            Deere presented summary judgment evidence that Smith was given notice of the sale, that
the equipment was placed on Deere’s bid list, that the bid list was sent to over 3,000 dealers and
interested persons, and that a dealer of similar equipment disposed of its repossessed collateral in
a similar manner. Smith filed an affidavit in his reply to Deere’s motion for summary judgment. 
In his affidavit, Smith states that the “market value of the equipment, at the time it was turned over
to [Deere] was substantially equal to, or equal to, the amount owed against it.” Smith further stated
that Deere did not make a timely effort to liquidate the equipment and that, had the sale occurred “in
season,” the amount Smith owed Deere would have been reduced or eliminated. Smith contends that
his sworn affidavit creates a fact issue as to whether the sale was conducted in a fair and reasonable
manner. 
              TEX. BUS. & COM. CODE ANN. § 9.627(a) (Vernon 2002) provides:
            The fact that a greater amount could have been obtained by a collection,
enforcement, disposition, or acceptance at a different time or in a different method
from that selected by the secured party is not of itself sufficient to preclude the
secured party from establishing that the collection, enforcement, disposition, or ac-ceptance was made in a commercially reasonable manner.
 
Disposition of collateral is made in a commercially reasonable manner if the disposition is made “in
conformity with reasonable commercial practices among dealers in the type of property that was the
subject of the disposition.” TEX. BUS. & COM. CODE ANN. § 9.627(b)(3) (Vernon 2002). Deere
presented sufficient summary judgment evidence to conclusively establish that the sale occurred in
a commercially reasonable manner. See Latimer v. City National Bank of Colorado City, 715
S.W.2d 825 (Tex.App. - Eastland 1986, no writ).  
            Moreover, it is well settled that conclusory statements unsupported by facts in an affidavit
are insufficient to raise a genuine issue of fact to prevent the rendition of summary judgment. Davis
v. Medical Evaluation Specialists, Inc., 31 S.W.3d 788, 797 (Tex.App. - Houston [1st Dist.] 2000,
pet’n den’d); Latimer v. City National Bank of Colorado City, supra. Smith’s conclusions in his
affidavit concerning the market value of the combine and the timing of the sale are not supported by
any facts. The trial court did not err in granting Deere’s motion for summary judgment. Smith’s
sole issue on appeal is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
February 10, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.