# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00222-CV

**Harold McGee, Appellant**

**v.**

**Deere & Company, Appellee**

## FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY
### NO. 03C306-L, HONORABLE BEN NOLEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Harold McGee appeals from a summary judgment in favor of Deere & Company (Deere) in a suit to collect on a loan secured by collateral. McGee argues that Deere's motion for summary judgment was insufficient, and that his reply to the motion for summary judgment raised fact issues so as to preclude summary judgment. He further complains that Deere's affidavit in support of attorney's fees was insufficient to support a judgment. Because we find that summary judgment was proper as to liability but improper as to the award of attorney's fees, we affirm in part and reverse and remand in part.

## BACKGROUND

In 1997, McGee entered into a loan agreement for the purchase of a combine and platform. The security agreement granted Deere a security interest in the equipment as collateral.

McGee made initial payments on the loan in accordance with the contract, and then defaulted by failing to make payment of the principal and interest due. Following McGee's default and failure to respond to demands for payment, Deere foreclosed on the equipment. After foreclosing, Deere sold the collateral as is permitted by Texas law. Tex. Bus. & Com. Code Ann. § 9.610(a) (West 2002). The sale left a deficiency of $6,491.28. Deere sued for this deficiency as well as attorney's fees, as allowed in the original contract and by Texas Business & Commerce Code section 9.615 (West 2002). It subsequently filed a motion for summary judgment, which the trial court granted. This appeal followed.

**STANDARD OF REVIEW**

A movant is entitled to summary judgment when it shows there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994); *Texas Dep't of Ins. v. Amer. Home Assurance Co.,* 998 S.W.2d 344, 347 (Tex. App.—Austin 1999, no pet.). The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue that would preclude summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex. 2002) (citing *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985)). In reviewing a motion for summary

judgment, we can consider the record only as it existed at the time summary judgment was entered. *Johnnie C. Ivy Plumbing Co. v. Keyser,* 601 S.W.2d 158, 160 (Tex. Civ. App.—Waco 1980, no writ). Summary judgments must stand on their own merits, and the nonmovant's failure to answer or respond cannot supply by default the summary judgment proof necessary to prove the movant's right. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); *Haynes v. City of Beaumont,* 35 S.W.3d 166, 174 (Tex. App.—Texarkana 2000, no pet.).

## DISCUSSION

**Reasonableness of Sale**

McGee argues that his affidavit in response to the motion for summary judgment created a fact issue that would preclude summary judgment. Specifically, McGee argues that his affidavit raised a question as to the correct amount of damages, claiming that circumstances surrounding Deere's sale of the collateral substantially diminished the value of the equipment, thereby increasing the amount of the deficiency. We interpret this to be an attack on the commercial reasonableness of the sale. However, McGee's affidavit consists of mere conclusory statements and legal conclusions that are not supported by evidence. Thus, his affidavit is insufficient to raise a fact issue that would preclude summary judgment.

In a claim for a deficiency on a secured transaction, the elements or material facts as to which there must be no genuine issue are as follows: (1) a loan contract and security agreement between the parties was executed, specifying the collateral; (2) the loan was defaulted on; (3) the debtor failed to repay the note despite notice and demand from the creditor; (4) the creditor foreclosed its security interest in the collateral and sold it in a commercially reasonable manner, as

3

provided for in Texas Business & Commerce Code Annotated § 9.610(a), (b); and (5) that after such disposition of the collateral, a deficiency exists, repayment of which is required to make the secured party whole. Tex. Bus. & Com. Code Ann. § 9.615 (West 2002). Simply put, courts have held that in order to recover a deficiency judgment against a debtor, a secured creditor must demonstrate that the collateral was disposed of in a commercially reasonable manner, and that the debtor received prior notice of the disposition. *Havins v. First Nat'l Bank,* 919 S.W.2d 177, 180 (Tex. App.—Amarillo 1996, no writ).

A commercially reasonable disposition is defined as one that is made: (1) in the usual manner on any recognized market; (2) at the price current in any recognized market at the time of the disposition; or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition. Tex. Bus. & Com. Code Ann. § 9.627(b) (West 2002). The creditor's burden of showing commercially reasonable disposition of collateral and notification of disposition to debtor can be met by pleading specifically or averring generally that all conditions precedent to deficiency suit have been met. *Greathouse v. Charter Nat'l Bank-Southwest,* 851 S.W.2d 173, 174 (Tex.1992); *Friedman v. Atl. Funding Corp.,* 936 S.W.2d 38, 40-41 (Tex. App.—Austin 1996, no writ).

Deere averred generally in its petition that all conditions precedent had been met. Therefore, in order for Deere to have been required to set forth proof regarding the commercial reasonableness of the sale, McGee would have had to specifically deny that the sale was commercially reasonable. *Greathouse*, 851 S.W.2d at 174 (if pleaded generally, creditor is required to prove that disposition of collateral was commercially reasonable only if defendant specifically denies it in answer). McGee's amended answer specifically denied his liability for the amounts sued

4

for and that the sale was reasonable because it was sold for less than the alleged market value. However, the mere allegation that property was sold for less than the purported market value is insufficient to raise a question as to the commercial reasonableness of the sale. *See* Tex. Bus. & Com. Code Ann. § 9.627(a) (fact that greater amount could have been obtained by disposition at different time or in a different method from that selected by secured party is not of itself sufficient to preclude secured party from establishing that disposition was made in commercially reasonable manner). Thus, McGee's pleadings were inadequate to shift the burden to prove commercial reasonableness back to Deere.

Deere stated in its summary-judgment motion that the sale of the collateral took place in accordance with Texas law. In his response, McGee referred to statements made in his amended answer to Deere's original petition. Statements made in pleadings are not competent summary-judgment evidence, even if they are sworn or verified. *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). Thus, to the extent that McGee's response relies on statements made in his amended answer, it is insufficient to raise an issue of material fact.

McGee's response to the summary-judgment motion contended that material questions of fact existed as to whether the amount sued for by Deere was correct. Although the response contained statements that could be inferred or interpreted as questioning the commercial reasonableness of the sale, the statements were mere conclusions not supported by facts or evidence.[1]

---

[1] In fact, the language of McGee's response merely called into question whether the "amount of damages sued for" was correct. The trial court may have read the response to be merely a dispute as to the amount of damages, which will not preclude summary judgment. Tex. R. Civ. P. 166a(a); *City of San Antonio v. Bullock,* 34 S.W.3d 650, 653 (Tex. App.—San Antonio 2000, no pet.) (when plaintiff moves for summary judgment, he or she must show that he or she is entitled to prevail on each element of cause of action, except for damages).

Affidavits in support of or opposition to summary judgment must be based explicitly on personal knowledge of the facts in order to raise a fact issue and be competent summary judgment evidence. Tex. R. Civ. P. 166a(f); *Trostle v. Combs,* 104 S.W.3d 206, 214 (Tex. App.—Austin 2003, no pet.). Merely reciting that the affidavit is made on personal knowledge is insufficient. *Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex. 1994); *Radio Station KSCS v. Jennings,* 750 S.W.2d 760, 761-62 (Tex. 1988). The affidavit must go further and disclose the basis upon which the affiant has personal knowledge of the facts asserted. *Id.* It is also an established rule that mere conclusory statements, those not supported by fact, are insufficient to support or defeat summary judgment. *Price v. American Nat'l Ins. Co.,* 113 S.W.3d 424, 429-30 (Tex. App.—Houston [1st Dist] 2003, no pet.); *Haynes v. City of Beaumont,* 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.). Additionally, legal conclusions not supported by fact will not defeat summary judgment. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex. 1991); *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex. 1984).

The Texas Supreme Court has held that a nonmovant who makes assertions that, if true, would preclude summary judgment, has the burden to come forward with proof raising an issue of fact with respect to that claim. *The Ryland Group v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). Thus, in order to preclude summary judgment, McGee was required to come forward with some proof supporting his implied assertion that the disposition was commercially unreasonable. The only specific fact McGee offered to support his claim is that the equipment was sold for less than market value. This fact is allegedly evidenced by the attached statement purporting to state the market value of the equipment at the time of repossession. However, McGee does not specify the actual sale price or the amount similar equipment was sold for at the time. Therefore, his assertion that the equipment

6

was sold below market value is merely a legal conclusion unsupported by facts. Even if we were to hold that the facts offered were sufficient to support such a legal conclusion, it is clear that the recovery of less than market value is not enough by itself to show that a disposition was commercially unreasonable. *FDIC v. Lanier,* 926 F.2d 462, 467 (5th Cir. 1991) (applying Texas law). Nor is an argument as to the timing of the sale. *Latimer v. City Nat'l Bank,* 715 S.W.2d 825, 826 (Tex. App.—Eastland 1986, no writ.). It is proper for a court to enter summary judgment in favor of the creditor regarding the commercial reasonableness of the collateral's disposition when there are no facts supporting a conclusion that the timing of the sale was not commercially reasonable. *Id.* Courts have held that to create an issue of fact, the nonmovant would have to show that the fair market value of the collateral declined from the time the sale allegedly should have taken place to the time of actual sale. *FDIC v. Blanton,* 918 F.2d 524, 530 (5th Cir. 1990) (applying Texas law). Therefore, McGee's allegation is not enough to create a genuine fact issue as to the commercial reasonableness of the sale. The fact that a greater amount might have been obtained by using a different method of disposition or by disposing of the collateral at a different time is not sufficient to preclude the secured party from establishing that the disposition was made in a commercially reasonable manner. Tex. Bus. & Com. Code Ann. § 9.627(a) (West 2002); *Lanier,* 926 F.2d at 467.

Courts have held that, if put to its proof or specifically pled, a movant must present evidence on the method, manner, time, place, and terms of sale. *Havins*, 919 S.W.2d at 181. It is not enough to establish the value of the goods in question. It is also necessary to present evidence bringing to light any procedural irregularities, allegations of bad faith, or other reasons to explain the allegedly low sale price. *Lanier,* 926 F.2d at 467. McGee's response and affidavit merely offer

conclusory statements and unsupported legal conclusions. This was not sufficient to raise a fact issue as to the commercial reasonableness of the sale, and therefore Deere was not required to specifically aver the details of the sale making it commercially reasonable. Absent any specific attack with supporting evidence as to the method, manner, time, place, and terms of the sale, Deere's motion for summary judgment is clearly sufficient to support the trial court's granting of that motion. McGee's first point of error is overruled.

**Attorney's Fees**

McGee also contends that Deere's affidavit in support of attorney's fees is insufficient to support a judgment. This is an objection to the substance of the affidavit and therefore may be properly raised for the first time on appeal. *Haynes,* 35 S.W.3d at 178. The amount of an award of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal without a clear showing of abuse of discretion. *Reintsma v. Greater Austin Apartment Maint.,* 549 S.W.2d 434, 437 (Tex. Civ. App.—Austin 1978, writ dism'd).[2]

In determining a reasonable attorney's fee award, the court is required to determine the nature and extent of the services performed, which is often drawn from the number of hours and the corresponding hourly rate. *Pitts v. Dallas County Bail Bond Bd.,*23 S.W.3d 407, 413-14 (Tex. App.—Amarillo 2000, pet. denied), *cert. denied,* 531 U.S. 1151 (2001). However, there is no rigid

---

[2] McGee argues that the proper test to determine the sufficiency of an affidavit in support of attorney's fees is set forth in *Arthur Anderson & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812 (Tex. 1997). That case required evidence on the eight factors listed in the Texas Disciplinary Rules. Because we find Deere's affidavit to be insufficient on other grounds, we need not address the applicability of the eight factor test.

8

requirement that there be evidence of both facts in order for a determination to be made. *Hagedorn v. Tisdale,* 73 S.W.3d 341, 354 (Tex. App.—Amarillo 2002, no pet.).

The requirements to show reasonableness and necessity of attorney's fees are intended to show that the fees were incurred (1) while suing the party sought to be charged the fees, and (2) on a claim which allows the recovery of such fees. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex. 1991); *French v. Moore,* No. 01-03-00445-CV, 2004 Tex. App. LEXIS 7254, at *37 (Tex. App.—Houston [1st Dist.] August 12, 2004, no pet.). What constitutes reasonable attorney's fees is a question of fact, but that clear, direct, uncontroverted evidence of attorney's fees will be taken as true as a matter of law in the absence of rebutting evidence from the opposing party. *Collins v. Guinn,* 102 S.W.3d 825, 836 (Tex. App.—Texarkana 2003, pet. denied).

In determining if the trial court abused its discretion, the appropriate test is whether the affidavit in support of attorney's fees contained the following: the attorney's qualifications, his opinion regarding reasonable attorney fees, and the basis for his opinion. *Basin Credit Consultants, Inc. v. Obregon,* 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied). When an attorney's affidavit contains this necessary information, it constitutes "expert opinion testimony" and can sufficiently establish reasonable attorney's fees when it meets the requirements of the summary judgment rule. *Enell Corp. v. Longoria,* 834 S.W.2d 132, 135 (Tex. App.—San Antonio 1992, no writ); *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.,* 821 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1992, no writ). A summary judgment may properly be based on expert witness testimony when the trier of fact must be guided solely by the opinion testimony of experts; the evidence must be clear, positive, and direct, otherwise credible and free of contradiction and inconsistencies, and must be readily controvertible. Tex. R. Civ. P. 166a(c).

9

A motion for summary judgment must stand on its own, even in the absence of a response from the nonmoving party. *City of Houston,* 589 S.W.2d at 678; *Haynes,* 35 S.W.3d at 174. In order for Deere's motion to stand on its own, the affidavit filed by Deere's attorney must set forth his qualifications, his opinion regarding reasonable attorney's fees, the basis for his opinion, and be uncontroverted. *Basin Credit Consultants, Inc.,* 2 S.W.3d at 373. Deere's affidavit briefly states that the affiant is an attorney, addresses his qualifications, and states a dollar amount that he feels represents a reasonable attorney's fee. McGee concedes that until this appeal, the attorney's affidavit was uncontroverted. However, the affidavit makes no attempt to set forth the affiant's basis for his opinion regarding reasonable attorney's fees. It makes no mention of the attorney's familiarity with the facts of this case. Nor does it indicate that the affiant has direct experience with similar cases. The affidavit, in relevant part, reads as follows:

> [Attorney] has agreed with Plaintiff to represent the said Plaintiff on the basis of a contingent fee, which is a reasonable and accepted fee arrangement between attorneys and clients in the State of Texas. In this connection, a contingent fee of not less than $2,163.76 is a reasonable, acceptable, and necessary attorney's fee in the said cause.
>
> . .

In light of the affidavit's failure to address the essential factor of reasonableness, we find it insufficient to support an award of attorney's fees on summary judgment. *See Sterling,* 822 S.W.2d at 10. Therefore, the trial court abused its discretion by awarding Deere attorney's fees based on an insufficient affidavit. Thus, we sever the issue of attorney's fees, and remand that issue to the trial court for further determination.

10

**CONCLUSION**

Having overruled McGee's first point of error and sustained his second, we affirm the summary judgment on the deficiency claim and reverse and remand on the sole issue of reasonable and necessary attorney's fees.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed in Part; Reversed and Remanded in Part

Filed:   March 24, 2005