# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00550-CV

---

**Berit McMillan and Gerald McMillan, Appellants**

**v.**

**Tally Two Investment Group, LLC, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-006481, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In this restricted appeal, Berit McMillan and Gerald McMillan seek to reverse the trial court's order dismissing their claims against Tally Two Investment Group, LLC. We will affirm.

### BACKGROUND

In October 2015, the McMillans and Tally Two signed a document that memorialized an agreement between the parties and stated:

> Gerald McMillan reached out to Brian Whitten, Manager, for Tally Two and requested $100,000 in order to help fund a project located at 1006 Woodland Ave, Austin 78704. That project already had a considerable loan attached to the property.
>
> In consideration for the $100,000, Gerald McMillan and Berit McMillan would

repay Tally Two $133,000 prior to April 7, 2016.  Also, they agreed to sign a Warranty Deed for the property located at 522 Sunny Lane, Austin TX 78704 as collateral.  Also, they agreed that the Warranty Deed would not be filed at the city recording office at this time, however, a Memorandum of Option to Purchase would be filed at the city recording office in order to cloud the title and give public notice that this property could not be purchased.

If the monies owed ($133,000) is repaid to Tally Two Investment Group LLC located at 320 Duffy Ln. Austin, TX 78738 prior to April 7, 2016, then all parties agree that the Memorandum of Option to Purchase will be released, and the house located at 522 Sunny Ln will be deeded back to Berit McMillan.

If the monies owed ($133,000) is not repaid by April 7, 2016, then all parties agree that Tally Two Investment Group will publicly record the Warranty Deed for 522 Sunny Lane and have all rights to sell, lease, rent, and convey the property.  In this situation, Berit McMillan and Gerald McMillan would not have to repay the $133,000.

The property at Sunny Lane can be sold prior to April 7, 2016 with the understanding that Tally Two Investment Group will receive $133,000 and remove all claims to the house.

On the same date, Berit McMillan executed a General Warranty Deed conveying 522 Sunny Lane (the Sunny Lane Property) to Tally Two.

In January 2017, Tally Two recorded the Warranty Deed in the Official Public Records of Travis County.[1]  After the McMillans continued to claim ownership of the Sunny Lane Property, Tally Two filed suit in Travis County district court (the Tally Two suit)[2] seeking declarations that the Warranty Deed recorded in January 2017 was valid and binding on the grantor, Berit McMillan, and that the McMillans were in breach of the parties' agreement by

---

[1]  Presumably, Tally Two recorded the Warranty Deed after the McMillans failed to pay Tally Two $133,000 prior to April 7, 2016.  The McMillans do not claim to have satisfied the payment obligation set forth in the parties' agreement.

[2]  The Tally Two suit was filed in the 98th Judicial District Court and assigned cause number D-1-GN-17-001841.

2

challenging Tally Two's title to the Sunny Lane Property. Tally Two also sought the removal of any cloud on its title to the Sunny Lane Property and injunctive relief preventing the McMillans from entering the Sunny Lane Property or further clouding Tally Two's title.

After being duly served, neither McMillan filed an answer or otherwise responded to the Tally Two suit. In July 2017, Tally Two filed a motion for a no-answer default judgment. With its motion, Tally Two submitted Brian Whitten's affidavit in which he described the agreement between the parties and the execution and recording of the Warranty Deed by which Tally Two acquired title to the Sunny Lane Property. After a hearing, the court signed a final default judgment stating that Tally Two "presented evidence that [it] is the fee simple owner of [the Sunny Lane Property], conveyed to [Tally Two] by Defendant Berit McMillan by that October 6, 2015 General Warranty Deed, recorded on January 23, 2017 [] in the Official Public Records of Travis County." The court granted Tally Two the declaratory relief it sought, including a declaration that the General Warranty Deed conveying the Sunny Lane Property to Tally Two was valid and binding on Berit McMillan, the grantor. The court also permanently enjoined the McMillans from further clouding title to the Sunny Lane Property "in any way."

The McMillans did not timely perfect an appeal from the default judgment in the Tally Two suit. Instead, they filed a restricted appeal six months after the judgment was signed. *See McMillan v. Tally Two Inv. Grp. LLC*, No. 03-18-00040-CV, 2018 WL 3849460 (Tex. App.—Aug. 14, 2018, pet. denied) (mem. op.); *see also* Tex. R. App. P. 30.[3] That restricted

---

[3] A restricted appeal is a direct attack on a judgment. The elements necessary to succeed on a restricted appeal are: (1) the notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who neither participated in the hearing that resulted in the judgment nor filed a timely post-judgment motion or request for findings of fact and conclusions of law; and (4) the face of the record must disclose the claimed error.

appeal was dismissed for want of prosecution after the McMillans failed to comply with a court's order that they file their brief by a date certain.[4]

In November 2017, approximately two months before filing the restricted appeal from the default judgment rendered in the Tally Two suit, Berit McMillan filed the underlying proceeding (the McMillan suit) against Tally Two in Travis County district court. In that suit, Berit McMillan sought a declaration that the Warranty Deed was void because it violated section 21A.002 of the Texas Business and Commerce Code.[5] Berit McMillan also recorded a Notice of Lis Pendens regarding the Sunny Lane Property in the Official Public Records of Travis County. *See* Tex. Prop. Code § 12.007; *In re Collins*, 172 S.W.3d 287, 292 (Tex. App.—Fort Worth 2005, orig. proceeding) ("The lis pendens statute gives litigants a method to constructively notify anyone taking an interest in real property that a claim is being litigated against the property."). Tally Two filed a general denial and asserted affirmative defenses, including that the claim was barred by res judicata by virtue of the judgment rendered in the Tally Two suit.

---

*Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

[4] The McMillans' brief was originally due on April 6, 2018. The court granted the McMillans three requested motions for extension of time but, on July 13, ordered that they file their brief no later than August 6, advising them that no further extensions of time would be granted and that failure to comply with the order could result in dismissal of their appeal. When the McMillans failed to file a brief by the August 6 deadline, the court dismissed the appeal for want of prosecution. The Texas Supreme Court denied the McMillans' petition for review.

[5] This statute provides that a person who makes an extension of credit and takes a security interest or mortgage against residential real estate may not, before or at the time of the extension of credit, request or require the borrower to execute and deliver a deed conveying the residential real estate to the person making the extension of credit. *See* Tex. Bus. & Com. Code § 21A.002(a). A deed executed in violation of this statute is, with certain exceptions, voidable. *Id.* § 21A.002(b).

Believing that Berit McMillan's filing of the McMillan suit and the Notice of Lis Pendens was a direct violation of the court's judgment in the Tally Two suit that permanently enjoined the McMillans from clouding title to the Sunny Lane property "in any way," Tally Two also filed a motion for contempt and for sanctions. This motion was filed in the Tally Two suit since it sought to enforce the trial court's judgment in that proceeding. In this motion, Tally Two sought to have Berit McMillan adjudged in contempt of court for violating the court's permanent injunction. Tally Two also requested that the court dismiss the McMillan suit and impose sanctions on Berit McMillan for filing the McMillan suit, which Tally Two asserted was a frivolous pleading since it was barred by res judicata. Tally Two set the motion for contempt and sanctions for a hearing on January 2, 2018. When Berit McMillan failed to appear at the contempt hearing, the court issued a show cause order directing her to appear before the court on February 21, 2018, at 9:00 a.m. to show cause why she and Gerald McMillan[6] should not be adjudged in contempt of court. The order stated that "[a]ll parties are hereby ordered to be present at the hearing on February 21, 2018 unless a subsequent court issues a further order."

On January 2, 2018, the McMillans filed an amended petition in which they sought declarations that the default judgment rendered in the Tally Two suit should be vacated and that the Warranty Deed conveying the Sunny Lane Property to Tally Two was void. Specifically, the McMillans alleged:

This First Amended Petition to Vacate No-Answer Default Judgment and Void Warranty Deed is a request for the court's Declaratory Judgment that the No-Answer Default Judgment entered July 19, 2017:

---

[6] Tally Two asserted that Gerald McMillan was also in contempt of court because he joined the McMillan suit as a plaintiff.

5

a) was issued in error and should be vacated by Bill of Review brought to the same court that ordered the No-Answer Default Judgment, and 2) thereafter, the Warranty Deed executed and Delivered to the Defendants in a prohibited transaction and the deed should be ruled as VOID and that the judgment obtained by the Defendants on July 19, 2017 in [the Tally Two suit] is VOID as it is contrary to law, specifically 21.A.002 of the Texas Business and Commerce Code; and/or

b) Alternatively or in addition, a party can prevail in a restricted appeal if (1) it filed notice of the restricted appeal within six months after the judgment was signed (i.e., on or before January 19, 2018); (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record, *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *see* Tex. R. App. P. 30; *see also* Tex. R. App. P. 26.1(c).

All four of these requirements are present in the instant case, and again, "error is apparent on the face of the record" since the Defendant's own petition maps out the very transaction that is prohibited and subject to being deemed VOID within 4 years of the filing of the judgment.

c) The Notice of Restricted Appeal is being drafted now, and once heard, expected to reverse and remand the case to the same district for rehearing.[7]

Shortly after the McMillans filed their amended petition, Tally Two filed a motion to dismiss the McMillan suit pursuant to rule 91a of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 91a (providing for dismissal of cause of action on grounds that it has no basis in law or fact). Tally Two also filed a motion for summary judgment on its affirmative defense of res judicata, asserting that the issue of the Warranty Deed's validity had already been litigated in the Tally Two suit. In addition, Tally Two filed a motion to expunge the notice of lis pendens that the

---

[7] We assume the McMillans are here referring to the restricted appeal that this Court dismissed for want of prosecution when the McMillans failed to comply with the Court's order regarding filing their brief. *See McMillan v. Tally Two Inv. Grp. LLC*, No. 03-18-00040-CV, 2018 WL 3849460 (Tex. App.—Aug. 14, 2018, pet. denied) (mem. op.).

McMillans had recorded in December 2017 in the Official Public Records of Travis County. Tally Two filed a notice of hearing for each motion informing the McMillans that the motions would be submitted to the trial court for consideration at a hearing on February 21, 2018, at 9:00 a.m., the same time as the show cause hearing that had been scheduled by the court in the Tally Two suit. The McMillans did not file responses to any of the motions.

On February 21, 2018, the court convened a combined hearing on Tally Two's motions in the Tally Two suit (the motion for contempt, the motion to dismiss, and the motion for sanctions) and its motions in the McMillan suit (the Rule 91a motion to dismiss, the motion to expunge, and the motion for summary judgment). Despite being ordered to appear by the show cause order in the Tally Two suit and having received notice of the hearing on the motions filed in the McMillan suit, neither Berit McMillan nor Gerald McMillan attended the hearing.[8]

The reporter's record from the hearing indicates that the court considered both sets of motions and determined that if it granted the relief Tally Two sought in the McMillan suit—i.e., a dismissal of the McMillan suit and expunction of the lis pendens—that would provide most of the relief sought in the motion for contempt and sanctions filed in the Tally Two suit—i.e., dismissal of the McMillan suit and cessation of the conduct that violated the

---

[8] The reporter's record from the hearing and the docket sheet indicate that, because of the Travis County central docket system, the hearing was held before the judge of the 53rd Judicial District Court. That court's operations officer contacted the 98th Judicial District Court in which the Tally Two suit was pending, as well as the 261st Judicial District Court, to ensure that the McMillans had not appeared in either of those court rooms. The court operations officer received confirmation that the McMillans were not present in either of those court rooms. The court operations officer also called the telephone number for the McMillans that was in the clerk's file and, when no one answered, left a message asking why the McMillans had not appeared at the hearing despite being ordered to do so.

7

permanent injunction.[9]  The court signed a judgment granting the Rule 91a motion to dismiss, the motion for summary judgment, and the motion to expunge the notice of lis pendens.  The court rendered a final judgment that dismissed the McMillan suit with prejudice and awarded Tally Two attorneys' fees and costs.  Although the contempt motions filed in the McMillan suit were discussed at the hearing, the court did not sign an order disposing of those motions.

Six months after the judgment dismissing the McMillan suit was signed, the McMillans filed this restricted appeal.  *See* Tex. R. App. P. 26.1(c), 30 (restricted appeals in civil cases).  In three issues, the McMillans challenge the trial court's order granting Tally Two's Rule 91a motion to dismiss and motion for summary judgment.

## DISCUSSION

In their first issue, the McMillans contend that the trial court erred by concluding that the McMillan suit was barred by res judicata and by granting Tally Two's motion for summary judgment and Rule 91a motion to dismiss on that ground.  Res judicata prevents parties and those in privity with them from relitigating a case that a competent tribunal has adjudicated to finality.  *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206 (Tex. 1999).  Res judicata bars claims or defenses that, through diligence, should have been litigated in the earlier suit but were not.  *Id.* at 206-07.  Res judicata requires: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action.  *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *see also Jones v. First*

---

[9]  The court also observed that a motion for contempt filed in the Tally Two suit was likely not the proper vehicle for securing dismissal of the McMillan suit.  Instead, that relief would more properly be obtained by the trial court granting Tally Two's Rule 91a motion to dismiss and its summary judgment motion filed in the McMillan suit.

*Bank of Anson*, 846 S.W.2d 107, 110 (Tex. App.—Eastland 1992, no writ) (holding that default judgment can be used to assert res judicata); *Mendez v. Haynes Brinkley & Co.*, 705 S.W.2d 242, 245-46 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (applying collateral estoppel after default judgment). "The judgment in the first suit precludes a second action by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit." *Garcia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 518 (Tex. 1984).

In the Tally Two suit, the matter actually litigated was the validity of the Warranty Deed and whether it was binding on Berit McMillan, the grantor. The trial court's judgment in the Tally Two suit includes a declaration that the Warranty Deed conveying the Sunny Lane property to Tally Two was valid and binding on Berit McMillan. This judgment precludes the McMillans from filing another suit seeking a declaration to invalidate the Warranty Deed. As discussed above, the McMillan suit includes a request that the court declare that the Warranty Deed "should be ruled as VOID." This request for declaratory relief is barred by res judicata.

On appeal, the McMillans point to a May 3, 2018 letter contained in the court's file. The McMillans assert that this letter demonstrates that the court "has now determined that [the default judgment in the Tally Two suit] was apparently made in error" and thus it cannot have preclusive effect. As an initial matter, to maintain a restricted appeal the McMillans are required to demonstrate "error apparent on the face of the record" in the McMillan suit. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 885 (Tex. 2014). The "face of the record" consists of all papers on file in the appeal that were before the trial court, including the reporter's record. *Texas Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.). The

9

subject of the May 3 letter was the court's disposition of the motion for contempt that Tally Two had filed in the Tally Two suit. The letter was filed on May 4, 2018, more than two months after the court rendered the judgment in the McMillan suit that is challenged in this restricted appeal. Thus, the May 3 letter is not part of the "face of the record" in this restricted appeal and cannot demonstrate error apparent on the face of the record.

Moreover, even were we to consider the May 3 letter, it does not provide a basis for reversing the trial court's judgment in the McMillan suit. The May 3 letter addresses the motion for contempt filed in the Tally Two suit that was discussed during the combined hearing held on February 21, 2018. In the letter, the court explains that some of the relief Tally Two requested was mooted by the order granting the Rule 91a motion to dismiss and the motion for summary judgment and expunging the notice of lis pendens. With regard to Tally Two's request to hold the McMillans in contempt for other activities it believed violated the default judgment in the Tally Two suit, the trial court explained that it would not grant such relief while the appeal of that judgment was pending in this Court. In the May 3 letter, the court observed that the default judgment in the Tally Two suit "appears to have been based on legally insufficient evidence." The court advised that it was denying the motion for contempt at the present time, but that "[Tally Two] may reurge its motion for contempt in the event that the Final Default Judgment is affirmed by the Court of Appeals or the restricted appeal brought by [the McMillans] is dismissed or otherwise denied." As previously stated, that restricted appeal was dismissed for want of prosecution in August 2018. Thus, while the default judgment might arguably have been based on legally insufficient evidence and subject to reversal had the McMillans pursued their appellate remedies, they failed to do so. Consequently, the default judgment remains in place and precludes subsequent litigation regarding the validity of the Warranty Deed.

10

Tally Two proved each of the elements of its defense of res judicata and, consequently, was entitled to summary judgment on that affirmative defense. *See* Tex. R. Civ. P. 94 (identifying res judicata as affirmative defense). The pleadings on file, together with the pleading exhibits the trial court was permitted to consider, demonstrate that the McMillan suit was barred by res judicata and, consequently, had no basis in law. *See id.* R. 91a; *Garcia*, 667 S.W.2d at 518. Thus, the trial court properly granted Tally Two's Rule 91a motion to dismiss. We overrule the McMillans' first appellate issue.

In their second issue, the McMillans assert that, because of a number of "serious procedural errors," the court lacked jurisdiction to dismiss the McMillan suit. We will address each of the alleged procedural errors in turn. First, the McMillans claim that the court dismissed the McMillan suit during a hearing on a motion filed in the Tally Two suit. This is incorrect. The reporter's record plainly demonstrates that the court was conducting a combined hearing on motions filed in the Tally Two suit and in the McMillan suit, that it distinguished between the motions filed in each suit, and that it expressly and purposefully granted the motions that were filed in the McMillan suit. In fact, the court expressly stated that it doubted that it could dismiss the McMillan suit by way of a motion filed in the Tally Two suit, and it did not do so.

Next, the McMillans assert that the hearing was noticed for 2:00 p.m. but was instead held at 9:00 a.m. This is incorrect. The clerk's record includes notices for hearings on the motion for summary judgment, Rule 91a motion to dismiss, and motion to expunge the notice of lis pendens filed in the McMillan suit. Each of the notices, which were served on the McMillans, states that the hearing will be held at 9:00 a.m. on February 21. The show cause order issued by the court in the Tally Two suit likewise ordered the McMillans to appear at 9:00 a.m. on February 21.

The McMillans make several other assertions regarding the manner in which the hearing was conducted, none of which are not supported by the reporter's record or the clerk's record. These include that the motion for summary judgment was not set for a hearing, that the McMillans were not given proper notice of the hearings, and that the court was "confused" and "unprepared" to consider the motions. It is not apparent from the face of the record that, as the McMillans contend, the court lacked jurisdiction to rule on the motions before it or that the McMillans' due process rights were in any way violated. We overrule the second appellate issue.

In their third issue, the McMillans again challenge the court's orders granting the motion for summary judgment and the Rule 91a motion to dismiss. The McMillans argue that because the judgment in the Tally Two suit was by default, it cannot serve to bar subsequent litigation regarding the validity of the Warranty Deed. We understand the McMillans to argue that the judgment in the Tally Two suit does not constitute a prior final determination on the merits. *See Amstadt*, 919 S.W.2d at 642 (affirmative defense of res judicata requires prior final determination on merits by court of competent jurisdiction). The final default judgment in the Tally Two suit is quite detailed regarding the merits, finding specifically, among other things, that Tally Two presented evidence through Whitten's affidavit that it "is the fee simple owner of [the Sunny Lane Property], conveyed to [Tally Two] by Defendant Berit McMillan by that October 6, 2015 *General Warranty Deed*, recorded on January 23, 2017 as Document No. 2017012586 (3 pgs) in the Official Public Records of Travis County, Texas." The court declared that the Warranty Deed "is binding on the grantor, Defendant Berit McMillan, pursuant to the express terms of the general partnership agreement between [the McMillans] and [Tally Two]." The default judgment in the Tally Two suit plainly reached the merits of the validity and

12

binding effect of the Warranty Deed. And a default judgment can constitute a determination on the merits for res judicata purposes. *See Reliance Capital, Inc. v. G.R. Hmaidan, Inc.*, No. 14-07-01059-CV, 2009 WL 1325441, at *4 (Tex. App.—Houston [14th Dist.] May 14, 2009, pet. denied) (mem. op.); *Jones*, 846 S.W.2d at 110; *Mendez*, 705 S.W.2d at 245-46. Because the trial court considered and ruled on the merits of the issue of the validity of the Warranty Deed and the default judgment was occasioned by the McMillans' failure to answer and appear after having been duly served, we conclude that that issue was fully and fairly litigated.[10]

The McMillans also argue that, as a matter of public policy, res judicata should not bar a subsequent suit challenging the validity of the Warranty Deed because of the importance of curbing what it describes as predatory lending practices. This is a restricted appeal in which the only issue is whether there is error apparent on the face of the record. The McMillans' policy argument does not demonstrate such error. We overrule the McMillans' third appellate issue.

## CONCLUSION

Having overruled each of the McMillans' three issues, we affirm the trial court's judgment.

---

[10] The McMillans also complain that Tally Two presented "conclusory" evidence regarding the res judicata effect of the Tally Two judgment. The preclusive effect of the Tally Two judgment is, however, a legal question determined by a review of the pleadings filed and the judgment rendered in that suit, which were included as part of the record in the McMillan suit.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker and Triana

Affirmed

Filed:   August 7, 2019