The CITY OF HOUSTON and the Fire Fighters' and Police Officers' Civil Service Commission of the City of Houston, Appellants,

v.

Harold McDONALD, Appellee.

No. 14–96–00278–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 3, 1997.

Rehearing Overruled May 1, 1997.

John Fisher, Houston, for appellants.

E. Troy Blakeney, Houston, for appellee.

Before LEE, AMIDEI and O'NEILL, JJ.

**OPINION**

LEE, Justice.

This is an appeal from an order granting summary judgment in favor of appellee, Harold McDonald. In two points of error, appellants, the City of Houston and the Civil Service Commission of the City of Houston (collectively, the "Commission"), contend the summary judgment was improperly granted. We affirm.

## FACTS AND PROCEDURAL STATUS

The facts of this case are undisputed. On October 11, 1993, the Commission administered promotional examinations in order to fill the position of Shop Foreman in the Houston Fire Department. McDonald was eligible for the position and took the examination. After the examinations were graded, the candidates were ranked according to their scores. McDonald ranked second on the promotional list, and on October 15, 1993, he filed a written notice of appeal challenging the grading of certain examination questions. On October 18, 1993, McDonald tendered a second, corrected copy of the appeal he had filed three days earlier. This corrected copy carried the original October 15, 1993 date and contained corrections of typographical errors, a change regarding the answer to one of the challenged questions, and an additional quotation from the examination source material. Irma Fontenette, an employee in the City of Houston's Personnel Department, file stamped the copy as received "October 18, 1993." On December 17, 1993, the Commission entered a written order denying McDonald's appeal.

McDonald subsequently filed suit and moved for summary judgment claiming that his appeal should be sustained because the Commission had failed to respond in a timely manner.[1] The Commission filed a cross-motion for summary judgment claiming that its written denial was timely and that McDonald was equitably estopped from requesting his appeal be sustained. The trial court granted summary judgment in McDonald's favor, and this appeal follows.

## STANDARD OF REVIEW

■ The standard we follow in reviewing a summary judgment is well rehearsed. The movant for summary judgment has the burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When deciding whether there is

a disputed material fact issue precluding summary judgment, we treat evidence favorable to the non-movant as true, and we resolve any doubts in his favor. *Id.* at 548–49; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). When, as here, both parties move for summary judgment, each party must carry their own burden as movant, and we consider all of the summary judgment proof accompanying both motions. *International Ass'n of Fire Fighters v. City of Baytown*, 837 S.W.2d 783, 786 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Dae Won Choe v. Chancellor, Inc.*, 823 S.W.2d 740, 742 (Tex.App.—Dallas 1992, no writ).

## ANALYSIS

Section 143.034 of the Local Government Code provides, in part:

On request, each eligible promotional candidate from the fire or police department is entitled to examine the person's promotional examination and answers, the examination grading, and the source material for the examination. If dissatisfied, the candidate may appeal, within five business days, to the commission for review in accordance with this chapter. In computing this period, a Saturday, Sunday, or legal holiday is not considered a business day.

TEX.LOC.GOV'T.CODE ANN. § 143.034(a) (Vernon Supp.1989). Section 143.1015 of the Local Government Code further provides, in part:

In an appeal provided by this chapter the commission shall render a decision in writing within 60 days after it received the notice of appeal.... If the commission does not render a decision in writing within 60 days after the date it receives notice of the appeal, the commission shall sustain the fire fighter's or police officer's appeal.

TEX.LOC.GOV'T.CODE ANN. § 143.1015(a) (Vernon Supp.1989). McDonald's summary judgment proof establishes that (1) on October 15, 1993, he filed a timely, written notice of appeal challenging the grading of several questions on the promotional examination,

---

1. Section 143.015 of the Local Government Code provides that "[a] district court may grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter. The relief

may include reinstatement or promotion with back pay if an order of suspension, dismissal, or demotion is set aside." TEX.LOC.GOV'T.CODE ANN. § 143.015(b) (Vernon 1989).

and (2) on December 17, 1993, sixty-three days after McDonald filed his October 15, 1993 notice of appeal, the Commission entered a written order denying his appeal. The Commission concedes that this summary judgment proof, standing alone, would be sufficient to entitle McDonald to summary judgment. Nevertheless, the Commission claims that its summary judgment proof establishes that McDonald should be equitably estopped from having his appeal sustained.

■ In order to establish equitable estoppel, one must show (1) a false representation or concealment of material facts; (2) made by a party with knowledge, actual or constructive, of the facts; (3) to a party without knowledge, or the means of acquiring knowledge of the real facts; (4) made with the intention that it should be acted upon; and (4) the party to whom it was made must have relied on or acted on it to his prejudice. *Schroeder v. Texas Iron Works,* 813 S.W.2d 483, 489 (Tex.1991) (citing *Gulbenkian v. Penn,* 151 Tex. 412, 418, 252 S.W.2d 929, 932 (1952)); *Riley v. Meriwether,* 780 S.W.2d 919, 926 (Tex.App.—El Paso 1989, writ denied); Tex.R.Civ.P. 94. All of the elements of estoppel must be present to invoke the doctrine. *Douglas v. Aztec Petroleum Corp.,* 695 S.W.2d 312, 317 (Tex.App.—Tyler 1985, no writ).

The Commission's summary judgment proof shows that on October 18, 1993 McDonald submitted a corrected copy to "replace" his October 15th appeal. The affidavit of Irma Fontenette, who accepted McDonald's corrected appeal, states that McDonald requested Fontenette "to be sure and see that the second appeal replaced the first appeal he had originally submitted." Fontenette's affidavit also indicates that McDonald asked her "now are you sure that

[the Commission] will get this and this [second appeal] will replace the first one?" The affidavit of Alice Perronot, the Commission's scheduling agent, states that she utilized the October 18, 1993 file stamp date to determine timeliness in scheduling McDonald's appeal before the Commission.

■ The Commission claims that McDonald's October 18th filing "led [the Commission] to believe he had withdrawn his first appeal by filing a second 'corrected' appeal on Monday, October 18, 1993." The Commission contends that because it relied on McDonald's "representations" that he was withdrawing his first appeal and intended to pursue only the second appeal, McDonald should be equitably estopped from invoking § 143.1015(a) of the Local Government Code.

■ As to the first prong of equitable estoppel, the Commission seems to argue that McDonald, by filing a corrected appeal, affirmatively misrepresented material facts which (1) caused the Commission to change the date McDonald's appeal was heard, and (2) resulted in the untimely written response to McDonald's appeal. Although it appears the Commission relied on October 18, 1993 as the date from which to schedule the hearing of McDonald's appeal, there is no evidence in the record to show the Commission's reliance was caused by any false representation on McDonald's part.[2] A false representation consists of a statement of fact which is untrue, made with the intent to defraud. BLACK'S LAW DICTIONARY 542 (5th ed. 1979). In this case, the Commission has offered no summary judgment proof to show that McDonald made an untrue statement of fact with the intent to defraud the Commission. The only "statement" the Commission points to is McDonald's request that the second appeal replace the first appeal he had

2. We are not faced with the question of whether McDonald's "representations" constituted "estoppel by silence." Estoppel by silence arises only if a person is under a duty to speak, but refrains from doing so and thereby leads another to act in reliance on a mistaken understanding of the facts. *Williams v. Stansbury,* 649 S.W.2d 293, 296 (Tex.1983); *Pioneer Oil Co. v. Vallejo,* 750 S.W.2d 928, 930 (Tex.App.—Corpus Christi 1988, no writ). Moreover, an affirmative duty to speak or disclose arises only when a confidential or fiduciary relationship exists between the par-

ties. *Bernstein v. Portland Sav. and Loan Ass'n,* 850 S.W.2d 694, 701 (Tex.App.—Corpus Christi 1993, writ denied); *Stephanz v. Laird,* 846 S.W.2d 895, 904 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *see also Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex.1983); *Schiller v. Elick,* 150 Tex. 363, 240 S.W.2d 997, 1000 (1951). In this case, the Commission does not argue, nor do we find any evidence in the record, that suggests the existence of any confidential or fiduciary relationship between McDonald and the Commission.

originally submitted. While this statement indicates that McDonald wanted the Commission to consider his corrected appeal, it does not show that he requested the hearing date be changed or intended for the Commission to rely on October 18, 1993 as the date from which to commence the sixty day deadline period. In fact, McDonald's corrected copy carried the original October 15, 1993 date which, in our opinion, suggests that McDonald did *not* intend to mislead the Commission into relying on October 18, 1993 for deadline purposes. Moreover, on November 23, 1993, the Commission sent McDonald written notice that it received and would timely respond to his October 15, 1993 notice of appeal. Thus, the record indicates the Commission had actual knowledge that a written response to McDonald's appeal was due no later than December 15, 1993.

## CONCLUSION

Because there is no evidence to show that McDonald falsely represented or concealed any material facts in this case, the Commission cannot establish equitable estoppel. The Commission's two points of error are overruled, and the judgment of the trial court is affirmed.