ACCEPTED
01-14-01007-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/6/2015 12:54:58 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-01007-CV**

IN THE COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/6/2015 12:54:58 PM
CHRISTOPHER A. PRINE
Clerk

FOR THE FIRST DISTRICT OF TEXAS

AT HOUSTON

ALLAN R. AVERY, Appellant

v.

LPP MORTGAGE, LTD., Appellee

Appealed from the 127th Judicial District Court

of Harris County, Texas

Trial Court Cause Number:      201165958

**APPELLANT'S BRIEF**

Counsel for Appellant:

Jarett T. LaRochelle
Texas Bar Number: 24041296
One Riverway, Suite 1700
Houston, Texas 77056
713-907-8668 telephone
713-840-6351 facsimile
jarettlarochelle@yahoo.com

**Identity of Parties and Counsel**

Appellant certifies that this is a list of all parties to the trial court's judgment, and the names, addresses, and telephone numbers of all trial and appellate counsel:

**Appellant:**  ALLAN R. AVERY

**Trial Counsel:**

Jarett T. LaRochelle
One Riverway, Suite 1700
Houston, Texas 77056
713-907-8668 telephone
713-840-6351 facsimile
jarettlarochelle@yahoo.com


**Appellee:**    LPP MORTGAGE, LTD.

**Trial Counsel:**

Victor C. Serafino
Vincent Lopez Serafino & Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, Texas 77201
214-979-7400 telephone
214-979-7402 facsimile
cserafino@viololaw.com

**Table of Contents**

Identity of Parties and Counsel ...................................................................2

Index of Authorities ................................................................................4

Statement of the Case..............................................................................6

Issues Presented .....................................................................................6

Statement of Facts...................................................................................8

Summary of the Argument.........................................................................9

Argument...............................................................................................9

Conclusion ...........................................................................................26

Prayer .................................................................................................27

Certificate of Compliance .......................................................................28

Certificate of Service .............................................................................28

**Index of Authorities**

**Cases:**

*801 Nolana, Inc. v. RTC Mtg. Trust*, 944 S.W.2d 751, 754     11
     (Tex. App.—Corpus Christi 1997, writ denied)

*Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111, 113     11
     (5th Cir.1986)

*Al-Nayem Int'l Trading, Inc. v. Irving ISD*, 159 S.W.3d 762, 764     17
     (Tex.App.—Dallas 2005, no pet.)

*Brownlee v. Brownlee*, 665 S.W.2d 111, 112     11
     (Tex. 1984)

*City of Houston v. McDonald*, 946 S.W.2d 419, 420     19
     (Tex. App.—Houston [14th Dist.] 1997, writ denied)

*El Apple I, Ltd. v. Olivas*, 55 Tex. Sup. Ct. J. 954     24, 25
     (Tex. 2012)

*First Nat'l Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 145     20
     (Tex.Civ.App—Tyler 1979, writ ref'd n.r.e.)

*Gonzales v. Shing Wai Brass and Metal Wares Factory, Ltd.*,     11
     190 S.W.3d 742, 746, (Tex.App. - San Antonio 2005, no pet)

*Grand Prairie ISD v. Vaughan*, 792 S.W.2d 944, 945     12
     (Tex. 1990)

*Humphreys v. Caldwell*, 888 S.W.2d 469, 470     12
     (Tex. 1994)

*James v. Hitchcock ISD*, 742 S.W.2d 701, 703     19
     (Tex. App.—Houston [1st Dist.] 1987, writ denied)

*Jones v. Texas Pac Indem. Co.*, 853 S.W.2d 791, 795     19
    (Tex.App.—Dallas 1993, no writ)

*Latimer v. City Nat'l Bank of Colorado City*, 715 S.W.2d 825, 826     11
    (Tex. App. - Eastland 1986, no writ).

*Leavings v. Mills*, 175 S.W.3d 301, 310     20, 21
    (Tex.App.—Houston [1st Dist.] 2004, no pet.)

*Life Ins. Co. v. Gar-Dal Inc.*, 570 S.W.2d 378, 381-82     11
    (Tex. 1978)

*Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583     20
    (Tex. 1984)

*Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55     11
    (5th Cir.2000)

*Rizkallah v. Conner*, 952 S.W.2d 580, 586     11
    (Tex. App.—Houston [1st Dist.] 1997, no writ)

*Ryland Group, Inc. v, Hood*, 924 S.W.2d 120, 122     10, 11
    (Tex.1996)

*Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511     19
    (Tex.1995)

**Rules:**

Rule 803(8) of the Texas Rules of Evidence     17

Rule 902 of the Texas Rules of Evidence     17

**Statement of the Case**

Appellant ALLAN R. AVERY, appeals the Final Summary Judgment entered against it in favor of the Appellee LPP MORTGAGE, LTD., on September 30, 2014, on the breach of contract claim(s) filed by Appellee LPP MORTGAGE, LTD., on October 31, 2011, in Cause No. 201165958, by the Honorable Judge R. K. Sandill of the 127th Judicial District Court of Harris County, Texas.

**Issues Presented**

1. Whether the trial court erred in failing to sustain Appellant ALLAN R. AVERY's objections to Appellee LPP MORTGAGE, LTD.'s proffered summary judgment evidence;

2. Whether the trial court erred in granting final summary judgment in favor of Appellee LPP MORTGAGE, LTD., because Appellee's summary judgment evidence is legally and factually insufficient to conclusively establish Appellee's capacity to make claims against Appellant ALLAN R. AVERY;

3. Whether the evidence is legally and factually insufficient to support the trial court's final summary judgment award of attorney's fees entered on September 30, 2014, in favor of the Appellee LPP MORTGAGE, LTD., and against the Appellant ALLAN R. AVERY.; and

4.     Whether the trial court erred in awarding damages to the Appellee LPP MORTGAGE, LTD., because Appellee's summary judgment evidence is legally and factually insufficient to conclusively establish Appellee's damages.

**Statement of Facts**

On October 31, 2011, the Appellee LPP MORTGAGE, LTD., filed its Original Petition against the Appellee for breach of contract upon two (2) promissory note(s) and their accompanying guaranty(ies), under Cause No. 201165958, before the 127th Judicial District Court of Harris County, Texas. On August 7, 2012, Appellant ALLAN R. AVERY answered by providing a general denial as well as specific denials and verified defenses as to Appellee's entitlement to recover in the capacity in which it sued Appellant.

On January 15, 2014, the Appellee LPP MORGAGE, LTD., filed its second amended motion for summary judgment. Appellant ALLAN R. AVERY duly filed a response on February 21, 2014, objecting to the Appellee's purported summary judgment evidence and demonstrating the existence of genuine issues of material fact that precluded Appellee from being entitled to summary judgment.

An oral hearing was held on the motion for summary judgment filed by Appellee LPP MORTGAGE, LTD., on February 27, 2014, before the Honorable R. K. Sandill, of the 127th Judicial District Court of Harris County, Texas. On September 30, 2014, the Trial Court entered a Final Summary Judgment in favor of Appellee LPP MORTGAGE, LTD., and against Appellant ALLAN R. AVERY.

**Summary of the Argument**

Appellant challenges the Judgment entered against him in favor of Appellee in Cause No. 201165958, before the 127th Judicial District Court of Harris County, Texas. Appellant contends that the Final Summary Judgment entered against him should be set aside and reversed because the trial court erred in failing to sustain Appellant's objections to Appellee's summary judgment evidence. Appellant further contends that the evidence is legally and factually insufficient to support the Final Summary Judgment entered against him in favor of Appellee. And finally, Appellant contends that the evidence is legally and factually insufficient to support the damages and attorney's fees awards contained in the Final Summary Judgment entered against him.

**Argument**

**I. The Trial Court erred in failing to sustain Appellant's objections to Appellee's summary judgment evidence.**

Appellant would show that the trial court erred in failing to sustain Appellant's objections to Appellee's summary judgment evidence. The record shows that Appellant ALLAN R. AVERY duly responded to Appellee's second amended motion for summary judgment and, therein, duly made objections to the Paragraph(s) in Section II of Appellee's second amended motion and Paragraph(s)

2, 4, 6, and 8, of the Affidavit of Tom Martin, attached to Appellee's motion as Exhibit "1", on the basis that such paragraphs contain conclusory statements unsubstantiated by any corroborating evidence. Appellant identified and objected to conclusory statements contained in the Paragraph(s) in Section II in Appellee's second amended motion refer to the Appellee's standing in this case, i.e. the allegation that the "Appellee is the legal owner and holder of the Notes," that "Appellee is the legal owner and holder of the Notes," "the FDIC became the receiver for New South and that Beal Bank obtained the Notes" and "that the Note is due and payable to Appellee." Appellant identified and objected to allegations made in the Affidavit of Tom Martin including: Paragraph 2, "CLMG Corp. is the authorized loan servicer for LPP Mortgage Ltd."; Paragraph 4, "the Office of Thrift Supervision ordered the closing of New South . . . and the Federal Deposit Insurance Corporation ("FDIC") was appointed Receiver for New South", "the FDIC as Receiver for New South sold certain assets to Beal Bank"; Paragraph 6, "LPP Mortgage Ltd. is the legal owner and holder of Note 1"; and Paragraph 8, "LPP Mortgage Ltd. is the legal owner and holder of Note 2." All of these statements of subjective belief, are not supported by any competent summary judgment proof, are insufficient summary judgment evidence, and the objections to such statements should have been sustained by the trial court. *Ryland Group, Inc. v, Hood*, 924 S.W.2d 120, 122 (Tex.1996). Appellee's general conclusions,

10

allegations, and speculation were insufficient to merit summary judgment herein. *See Michaels v. Avitech, Inc*., 202 F.3d 746, 754-55 (5th Cir.2000); *Alizadeh v. Safeway Stores, Inc*., 802 F.2d 111, 113 (5th Cir.1986); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Rizkallah v. Conner*, 952 S.W.2d 580, 586 (Tex. App.—Houston [1st Dist.] 1997, no writ).

Because affidavits supporting or opposing a motion for summary judgment cannot contain conclusory statements, the objectionable allegations made in Appellee's purported summary judgment evidence should have been sustained by the trial court. *Gonzales v. Shing Wai Brass and Metal Wares Factory, Ltd*., 190 S.W.3d 742, 746, (Tex.App. - San Antonio 2005, no pet); *See, Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (emphasis added); *see also, Latimer v. City Nat'l Bank of Colorado City*, 715 S.W.2d 825, 826 (Tex. App. - Eastland 1986, no writ). Nothing in the Affidavit of Tom Martin authorizes or qualifies him to make the conclusory allegations contained therein. No competent summary judgment evidence was proffered by Appellee to substantiate such conclusions. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Life Ins. Co. v. Gar-Dal Inc.*, 570 S.W.2d 378, 381-82 (Tex. 1978); *801 Nolana, Inc. v. RTC Mtg. Trust*, 944 S.W.2d 751, 754 (Tex. App.—Corpus Christi 1997, writ denied). In his response to Appellee's motion for summary judgment, the Appellant ALLAN R. AVERY identified a collection of defects in the affidavit of Tom Martin and its

accompanying exhibit(s), attached to Appellee's motion for summary judgment, and duly made objection thereto for the conclusory statements unsubstantiated by any corroborating evidence. The Appellant further made objection that the affiants did not have personal knowledge, were not authorized or qualified, and could not properly identify or authenticate the exhibits they sought to introduce into evidence. For such reasons alone, the trial court erred in failing to sustain Appellant's objections to Appellee's purported summary judgment evidence. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994); *Grand Prairie ISD v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990).

The Appellant further objected to the purported Restated Note Allonge(s) included in the instruments attached to the Affidavit of Tom Martin as Exhibit(s) "C" and "E", attached to Appellee's second amended summary judgment as the Appellee altogether failed to timely produce such records in this lawsuit. Specifically, on August 3, 2012, the Appellant ALLAN R. AVERY, served written discovery on the Appellee LPP MORTGAGE, LTD., under the Texas Rules of Civil Procedure, explicitly requesting the exact instruments attached to the Affidavit of Tom Martin as Exhibit(s) "C" and "E". On August 31, 2012, the Appellee served its objections and responses to the written discovery which did not contain the Restated Note Allonge(s) contained in Exhibit(s) "C" and "E". On December 4, 2012, the trial court entered an Order Granting Appellant ALLAN R.

AVERY's Motion to Compel. On February 12, 2013, the Appellant filed a second motion to compel Appellee's production of documents as the Appellee still had not produced instruments necessary for its case including, but not limited to, the Restated Note Allonge(s) contained in Exhibit(s) "C" and "E". On or about February 26, 2013, potentially due to Appellee's representation that it has in all things complied with the production previously ordered by the trial court, the trial court denied the Appellant's second motion to compel. Only in response to the Appellant's no evidence motion for summary judgment filed March 12, 2013, and in the Appellee's amended and second amended motion(s) for summary judgment did the Appellee finally possess and proffer the Restated Note Allonge(s) included in Exhibit(s) "C" and "E". The Appellee has, at all times, failed to properly produce such Restated Note Allonge(s) in response to Appellant's request for production. The Appellant's objections to the Restated Note Allonge(s) should have been sustained and the trial court should have disregarded and striken same for Appellee's failure to comply with the trial court's Order Granting Appellant ALLAN R. AVERY's Motion to Compel. Appellee's delinquent attempt to proffer the Restated Note Allonge(s) at its convenience, in conjunction with motion(s) for summary judgment rather than in response to a duly served and judicially compelled request for production should preclude the use of same as evidence herein. Appellee blatantly abused the discovery process and attempted to

conceal documents responsive to duly served and judicially compelled discovery responses. For such reasons, the trial court should have sustained Appellant's objections and striken and disregarded the Restated Note Allonge(s) attached to the Affidavit of Tom Martin as Exhibit(s) "C" and "E".

The Appellant also objected to the purported Limited Power(s) of Attorney included in the instruments attached to the Affidavit of Tom Martin as Exhibit(s) "G", "I", and "J", Dallas County Clerk's file number(s) 201100114217, 201100114213, and 201100114216, respectively, as the Appellee altogether failed to timely produce such records in this lawsuit. Specifically, on August 3, 2012, the Appellant ALLAN R. AVERY, served written discovery on the Appellee LPP MORTGAGE, LTD., under the Texas Rules of Civil Procedure, explicitly requesting the exact instruments attached to the Affidavit of Tom Martin as Exhibit(s) "G", "I", and "J". On August 31, 2012, the Appellee served its objections and responses to the written discovery which did not contain the Limited Power(s) of Attorney contained in Exhibit(s) "G", "I", and "J". On December 4, 2012, the trial court entered an Order Granting Appellant ALLAN R. AVERY's Motion to Compel. On February 12, 2013, the Appellant filed a second motion to compel Appellee's production of documents as the Appellee still had not produced instruments necessary for its case including, but not limited to, the Limited Power(s) of Attorney contained in Exhibit(s) "G", "I", and "J". On or

14

about February 26, 2013, due to Appellee's representation that it has in all things complied with the production previously ordered by the trial court, the trial court denied the Appellant's second motion to compel. Only in response to the Appellant's no evidence motion for summary judgment, and in conjunction with the Appellee's amended and second amended motion(s) for summary judgment did the Appellee finally possess and proffer the Limited Power(s) of Attorney included in Exhibit(s) "G", "I", and "J". The Appellee has, at all times, failed to properly produce such Limited Power(s) of Attorney in response to Appellant's request for production. Said Limited Power(s) of Attorney should therefore have been disregarded and striken for Appellee's failure to comply with the trial court's Order Granting Appellant ALLAN R. AVERY's Motion to Compel, only producing the Limited Power(s) of Attorney at its convenience, in conjunction with motion(s) for summary judgment rather than in response to a duly served and judicially compelled request for production. Appellee blatantly abused the discovery process and attempted to conceal documents responsive to duly served and judicially compelled discovery responses. For such reasons, the trial court should have sustained Appellant's objections and striken and disregarded the Limited Power(s) of Attorney attached to the Affidavit of Tom Martin as Exhibit(s) "G", "I", and "J".

And further, the Appellant objected to the Exhibit(s) "A", and "B", included

in Appellee's second amended motion for summary judgment and identified as "Notice of Closure of New South Federal Savings Bank and Appointment of FDIC as Receiver" and "Purchase and Assumption Agreement" respectively. Neither Exhibit "A" nor Exhibit "B" were properly identified or authenticated. Such records do not constitute business records of the Appellee LPP MORTGAGE, LTD., or CLMG Corp., the entity by which the affiant Tom Martin purportedly is employed. Further, Affiant Tom Martin alleges to have reviewed "records relating to Beal Bank's acquisition of assets from the FDIC", but such allegation does not impart personal knowledge or competence to provide summary judgment evidence as to the information contained in such records, as Affiant Tom Martin is neither an authorized agent nor the custodian of records for Beal Bank or the FDIC and cannot even identify the records purportedly reviewed. Thus, the Affiant Tom Martin was not qualified to identify or authenticate the Exhibit(s) "A" and "B", and such items are outside the scope of Affiant's purported authority and knowledge. Such Exhibit(s) "A" and "B" are therefore inadmissible for failure to properly identify and authenticate same. Moreover, nothing in such instrument(s) indicates that they are applicable to the promissory note(s) at issue in the lawsuit filed by the Appellee LPP MORTGAGE, LTD. against Appellant. For such reasons, the trial court should have sustained Appellant's objections and striken and disregarded the Appellee's Exhibit(s) "A" and "B" which are inadmissible and

16

the review of which would require the consideration or hearsay without any exception.

Appellant also made objection to the Affidavit of Victor C. Serafino, attached to Appellee's motion, which was not competent summary judgment evidence, did not resolve all genuine issues of material fact, and precluded the Appellee from entitlement to an order granting its amended motion for summary judgment. The affiant Victor C. Serafino is not competent, qualified, or authorized to identify or authenticate the documents attached to his Affidavit as Exhibit(s) "1", "2", "3", and "4", the FDIC website print-out, the "Press Release", the "Purchase and Assumption Agreement", and the "Order Appointing the FDIC as Receiver", respectively. Victor C. Serafino is neither an agent of the FDIC nor the Office of the Comptroller of the Currency. Victor C. Serafino is not a custodian of said records. Nothing in the caselaw provided in support of the Appellee's second amended motion for summary judgment eliminates the necessity to properly identify and authenticate the documents attached to the Affidavit of Victor C. Serafino as Exhibit(s) "1", "2", "3", and "4". The FDIC is a corporation from which its records may constitute business records if properly identified and authenticated, but its records do not constitute public records. Further, the documents attached to the Affidavit of Victor C. Serafino as Exhibit(s) "1", "2", "3", and "4", are hearsay and fail to satisfy the "public records and reports"

exception to the hearsay rule because they do not set forth "(a) the activities of the office or agency; (b) matters observed pursuant to duty imposed by law as to which there is a duty to report . . . ; or (c) factual findings resulting from an investigation made pursuant to authority granted by law". *See* Rule 803(8) of the Texas Rules of Evidence. Only certified copies of such Exhibit(s) "1", "2", "3", and "4", would have satisfied the evidentiary rules necessary to render such documents admissible for the purposes Appellee required. Moreover, Rule 902 of the Texas Rules of Evidence does not provide any grounds for self-authentication applicable to the documents attached to the Affidavit of Victor C. Serafino as Exhibit(s) "1", "2", "3", and "4". There does not exist any seal or certification under seal from a public officer in Exhibit(s) "1", "2", "3", and "4", as would be required under Rule 902 of the Texas Rules of Evidence. *See Al-Nayem Int'l Trading, Inc. v. Irving ISD*, 159 S.W.3d 762, 764 (Tex.App.—Dallas 2005, no pet.)("because . . . did not bear a seal or contain a certification under seal from a public officer, [they] were not self-authenticating as certified public records . . . ."). For such reasons, the trial court should have sustained Appellant's objections and striken and disregarded the documents attached to the Affidavit of Victor C. Serafino as Exhibit(s) "1", "2", "3", and "4".

## II. The Evidence is Legally and Factually insufficient to establish Appellee's capacity

Appellant would show that the evidence is legally and factually insufficient to support the judgment entered against it in favor of the Appellee. In his response to Appellee's second amended motion for summary judgment, the Appellant ALLAN R. AVERY clearly raised a disputed fact issue and demonstrated that no probative evidence exists to substantiate and support essential elements of the Appellee's alleged capacity and claims made herein. *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex.1995); *Jones v. Texas Pac Indem. Co*., 853 S.W.2d 791, 795 (Tex.App.—Dallas 1993, no writ); *City of Houston v. McDonald*, 946 S.W.2d 419, 420 (Tex. App.—Houston [14th Dist.] 1997, writ denied); *James v. Hitchcock ISD*, 742 S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1987, writ denied). Specifically, the Appellant duly made objection to Appellee's affidavit(s) and exhibit(s) attached to its motion as summary judgment evidence of the unbroken chain of title and assignments transferring to the Appellee the right to enforce both promissory note(s) at issue in this case. Appellee's motion and accompanying summary judgment evidence misidentified potentially public records as business records because Appellee failed to proffer certified copies or a competent business records affidavit for the receivership and appointment of the FDIC as Receiver issues. For these issues, the Appellee did not produce the best

19

evidence and was not entitled to summary judgment. *See Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex. 1984). With respect to the chain of title to the promissory note(s), Appellee's summary judgment evidence attached to Appellee's second amended motion altogether failed to include any competent summary judgment evidence to support its allegation(s): a) that New South Federal Savings Bank went into receivership or b) that the FDIC was appointed as Receiver for the New South Federal Savings Bank. Texas law establishes that "the nature and extent of the authority granted must be ascertained from the instrument . . . to be strictly construed" which must be considered herein when scrutinizing Appellee's capacity to recover. *See First Nat'l Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 145 (Tex.Civ.App—Tyler 1979, writ ref'd n.r.e.).

In its second amended motion for summary judgment, the Appellee altogether failed to establish, as a matter of law, the essential elements that 1) New South Federal Savings Bank went into receivership; 2) the FDIC was appointed as Receiver for the New South Federal Savings Bank; and 3) the two (2) promissory note(s) on which Appellee's claim for breach of contract is based were properly assigned, negotiated, and/or transferred through unbroken chain of title to the Appellee. Texas law recognizes that assignees must be able to trace their rights back through an "unbroken chain of title", including both "possession and indorsement" to the original lender to enforce the note. *See Leavings v. Mills*, 175

20

S.W.3d 301, 310 (Tex.App.—Houston [1st Dist.] 2004, no pet.). Failure to properly identify and authenticate the instruments upon which Appellee's chain of title depends precluded Appellee from being entitled to summary judgment herein.

The record shows that Appellant ALLAN R. AVERY duly responded to Appellee's second amended motion for summary judgment and, therein, duly made objections to the Paragraph(s) in Section II of Appellee's second amended motion and Paragraph(s) 2, 4, 6, and 8, of the Affidavit of Tom Martin, attached to Appellee's motion as Exhibit "1", on the basis that such paragraphs contain conclusory statements unsubstantiated by any corroborating evidence. Nothing in the Affidavit of Tom Martin authorizes or qualifies him to make the conclusory allegations contained therein. No competent summary judgment evidence was proffered by Appellee to substantiate such conclusions. In his response to Appellee's motion for summary judgment, the Appellant ALLAN R. AVERY identified a collection of defects in the affidavit of Tom Martin and its accompanying exhibit(s), attached to Appellee's motion for summary judgment, and duly made objection thereto for the conclusory statements unsubstantiated by any corroborating evidence. The Appellant further made objection that the affiants did not have personal knowledge, were not authorized or qualified, and could not properly identify or authenticate the exhibits they sought to introduce into

evidence. For such reasons alone, the Court erred in granting the motion for summary judgment.

The Appellant further objected to the purported Restated Note Allonge(s) and Limited Power(s) of Attorney included in the instruments attached to the Affidavit of Tom Martin as Exhibit(s) "C", "E", "G", "I", and "J", Dallas County Clerk's file number(s) 201100114217, 201100114213, and 201100114216, respectively, as the Appellee altogether failed to timely produce such records in this lawsuit. Appellee's failure to comply with the trial court's Order Granting Appellant ALLAN R. AVERY's Motion to Compel, by only proffering the purported Restated Note Allonge(s) and Limited Power(s) of Attorney at its convenience, in conjunction with motion(s) for summary judgment rather than in response to a duly served and judicially compelled request for production should have precluded the consideration of such items. Appellee blatantly abused the discovery process and attempted to conceal documents responsive to duly served and judicially compelled discovery responses. For such reasons, the evidence was legally and factually insufficient to conclusively establish Appellee's capacity and entitlement to summary judgment.

And finally, the Appellant objected to the Exhibit(s) "A", and "B", identified by Appellee as "Notice of Closure of New South Federal Savings Bank and Appointment of FDIC as Receiver" and "Purchase and Assumption Agreement,"

respectively, as well as the Exhibit(s) "1", "2", "3", and "4", the FDIC website print-out, the "Press Release", the "Purchase and Assumption Agreement", and the "Order Appointing the FDIC as Receiver", respectively, attached to the Affidavit of Victor C. Serafino. None of such purported summary judgment evidence instruments were properly identified or authenticated. Such records do not constitute business records of the Appellee LPP MORTGAGE, LTD., any entity by which the affiant(s) Tom Martin or Victor C. Serafino are employed. Thus, the Affiant(s) Tom Martin and Victor C. Serafino were not qualified to identify or authenticate the Exhibit(s) "A" and "B", or Exhibit(s) "1", "2", "3", and "4." Such items are clearly outside the scope of said affiant(s)' purported authority and knowledge. All such Exhibit(s) are therefore inadmissible for failure to properly identify and authenticate same. Nothing proffered by Appellee eliminates the necessity to properly identify and authenticate summary judgment evidence. Moreover, nothing in such instrument(s) indicates that they are applicable to the promissory note(s) at issue in this current lawsuit filed by the Appellee LPP MORTGAGE, LTD. Further, nothing proffered by Appellee satisfies the "public records and reports" exception to the hearsay rule because Appellee' Exhibit(s) do not set forth "(a) the activities of the office or agency; (b) matters observed pursuant to duty imposed by law as to which there is a duty to report . . . ; or (c) factual findings resulting from an investigation made pursuant to authority granted

23

by law". *See* Rule 803(8) of the Texas Rules of Evidence. And finally, there does not exist any seal or certification under seal from a public officer or other grounds for self-authentication in Appellee's Exhibit(s). *See* Rule 902 of the Texas Rules of Civil Procedure. For such reasons, the evidence is legally and factually insufficient to support the Final Summary Judgment entered in favor of Appellee and against Appellant.

**III.    The evidence is legally and factually insufficient to support the Trial Court's award of attorney's fees to Appellant**

In his response, Appellant demonstrates that Paragraph III of Appellee's second amended motion for summary judgment and the Affidavit of Victor C. Serafino attached as Exhibit "3" thereto fall well short of the standards for legally sufficient evidence to calculate a reasonable attorney's fee award as articulated in *El Apple I, Ltd. v. Olivas*, 55 Tex. Sup. Ct. J. 954 (Tex. 2012). The Texas Supreme Court explained that a multi-step process is required, i.e. determine the reasonable number of hours spent and reasonable hourly rate for work performed; multiply the number of hours reasonably expended by the reasonable hourly rate; and determine whether factors merit adjustment of the result to reach a reasonable fee award. In Appellee's purported summary judgment evidence, Appellee altogether failed to articulate any amount of hours spent or to discuss work performed. The $20,000 in

attorney's fees claimed by Appellee is a conclusory total without any foundation to establish the reasonableness of such amount. The Appellee fails to establish any "billing judgment" to demonstrate that unproductive, excessive, or redundant hours are not included in the claim. *See El Apple*, 55 Tex. Sup. Ct. J. at 958. For such reasons, there existed genuine issues of material fact which precluded Appellee from being entitled to summary judgment on its claims for attorney's fees.

**IV.   The evidence is legally and factually insufficient to support the Trial Court's award of damages to Appellant**

Appellant's response to Appellee's second amended motion for summary judgment demonstrates that Appellee makes claims for late charges, accrued but unpaid interest, non-legal collection costs, taxes and insurance, and per diem interest, but no accompanying summary judgment evidence is provided to conclusively substantiate such amount(s) claimed. The only purported summary judgment evidence proffered by the Appellee with respect to its damages calculations was Appellee's Exhibit "L" attached to the affidavit of Tom Martin. Such exhibit, identified as the "Loan Transaction History Report" contains no accounting information after July 5, 2011, for Note 1, and contains no accounting information after December 1, 2011, for Note 2. As per the Appellee's Exhibit "L", the only evidence of accrued interest for Note 1 is $210,396.29, and not the

$343,809.20 claimed in Section III of Appellee's second amended motion for summary judgment and Paragraph 17 of the Affidavit of Tom Martin. Further, as per the Appellee's Exhibit "L", the only evidence of accrued interest for Note 2 is $41,470.94, and not the $98,468.43 claimed in Section III of Appellee's second amended motion for summary judgment and Paragraph 17 of the Affidavit of Tom Martin. Additionally, Appellee altogether failed to proffer any competent summary judgment evidence as to the purported non-legal collection costs, taxes and insurance, or per diem interest contained in Section III of Appellee's second amended motion for summary judgment or Paragraph 17 of the Affidavit of Tom Martin. The complete absence of any summary judgment evidence of these claimed damages elements, combined with the blatant inconsistencies between the amounts contained in Appellee's Exhibit "L", as compared to the Section III of Appellee's second amended motion for summary judgment or Paragraph 17 of the Affidavit of Tom Martin raises genuine issues of material fact which precluded the Appellee from being entitled to summary judgment on its alleged damages.

**Conclusion**

As set forth above, the Trial Court erred by failing to sustain duly made objections to and considering incompetent, inadmissible summary judgment proffered by Appellee. The record clearly shows that Appellee did not produce the

26

best evidence, or any evidence sufficient to conclusively establish its capacity to recover against the Appellant and was not entitled to summary judgment. Moreover, the evidence is legally and factually insufficient to support the damages award contained in the Final Summary Judgment entered by the trial court in favor of Appellee. And finally, the evidence is legally and factually insufficient to support the attorney's fees award contained in the Final Summary Judgment entered by the trial court against Appellant. Thus, for the failure and inability to proffer admissible evidence with respect to genuine, material issues identified by Appellant it his response, the Appellee did not, as a matter of law, conclusively establish that it was entitled to summary judgment against the Appellant ALLAN R. AVERY.

**Prayer**

Wherefore, premises considered, Appellant ALLAN R. AVERY, prays that this Honorable Court reverse and remand the Final Summary Judgment entered against it and in favor of the Appellee LPP MORTGAGE, LTD., under Cause No. 201165958, in the 127th Judicial District Court of Harris County, Texas. The reversible errors committed by the trial court and insufficient evidence to sustain the Final Summary Judgment necessitate a reversal and remand in favor of the Appellant in the interest of justice and fairness.

Respectfully Submitted,

/s/ *Jarett T. LaRochelle*
Jarett T. LaRochelle
Texas Bar No. 24041296
One Riverway, Suite 1700
Houston, Texas 77056
713-907-8668 telephone
713-840-6351 facsimile
ATTORNEYS FOR APPELLANT
ALLAN R. AVERY

**Certificate of Compliance**

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a convention typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains less than 6,000 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ *Jarett T. LaRochelle*
Jarett T. LaRochelle

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing notice has been forwarded to the following parties or their counsel of record in accordance with the Texas Rules of Civil Procedure on this the 6th day of March, 2015:

Victor C. Serafino
Vincent Lopez Serafino & Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, Texas 77201
214-979-7402 facsimile

/s/ *Jarett T. LaRochelle*
Jarett T. LaRochelle